# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                  Criminal No. 14-412 (DWF/SER)

        Plaintiff,

v.                                                                                                **ORDER**

Byron Earl Davenport,

        Defendant.

      The above-entitled matter is before the Court on Defendant Byron Earl

Davenport's ("Defendant") *pro se* self-styled Motion Requesting a Judicial

Recommendation Concerning Resubmitting Length of Home Confinement Placement.

(Doc. No. 89.)  The Court has reviewed the contents of the Court's file in this matter,

along with the submissions of the defendant, and the court being otherwise duly advised

in the premises, the Court hereby enters the following:

## ORDER

      1.    The Court **GRANTS IN PART** and **DENIES IN PART** Defendant Byron

Earl Davenport's *prose* self-styled Motion Requesting a Judicial Recommendation

Concerning Resubmitting Length of Home Confinement Placement (Doc. No. [89]).

Specifically, the Court does not oppose the Bureau of Prisons in the best interests of the

defendant's father and in the interests of justice, pursuant to 18 U.S.C. § 3621(b)(4)(B), to

consider an additional length of home confinement placement for 12 months preceding

his release from actual confinement.  The Court's position represents a good faith

recommendation to the Bureau of Prisons as opposed to any type of judicial order which the Court concludes remains within the discretion of the Bureau of Prisons. To the extent that the Bureau of Prisons is considering this issue of home confinement, it would serve the medical needs of the defendant's father's medical condition, while at the same time serving the interests of justice, based upon the record before this Court, to consider an additional period of home confinement.

However, that decision is ultimately left to the discretion of the Bureau of Prisons and, as the original sentence of the Court requires, the defendant will remain on supervised release for a term of five years, with or without home confinement. If any representative for the Bureau of Prisons has any questions or further inquiry of the Court, they should not hesitate to contact the Court or the United States Probation and Pretrial Services Office.

For the reasons stated, while the Court has declined to enter a judicial order, but the Court does recommend that the Bureau of Prisons consider a period of 12 months of home confinement for the defendant.

Dated: September 12, 2018   s/Donovan W. Frank
             DONOVAN W. FRANK
             United States District Court