# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-412 (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Byron Earl Davenport, | |
| Defendant. | |

The above-entitled matter is before the Court on Defendant Byron Earl Davenport's ("Defendant") *pro se* reply brief and Motion to Amend Court's Opinion and Order dated September 12, 2018 (Doc. No. 91-1) again requesting that the Court amend its September 12, 2018 Order, in which it stated that the Court did not oppose the Bureau of Prisons, in the best interests of the defendant's father and in the interests of justice, pursuant to 18 U.S.C. § 3621(b)(4)(B), to consider an additional length of home confinement placement for 12 months preceding his release from maximum confinement. The Court went on to state that "[t]o the extent that the Bureau of Prisons is considering this issue of home confinement, it would serve the medical needs of the defendant's father's medical condition, while at the same time serving the interests of justice, based upon the record before this Court, to consider an additional period of home confinement." The Court, at that time, declined to issue a judicial order but did recommend that the Bureau of Prisons consider a period of home confinement for the defendant. Sadly, the defendant has now submitted his motion to amend the Court's opinion and order dated

September 12, 2018 (Doc. No. 91-1) because, in part, his father passed away on September 12, 2018.

Based upon the presentations of the defendant, the Court having again carefully reviewed the file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.    Defendant Byron Earl Davenport's Motion to Amend Court's Opinion and Order dated September 12, 2018 (Doc. No. [91-1]) is respectfully **DENIED**.

2.    The Court respectfully declines to modify its Order of September 12, 2018, but does continue to recommend that the Bureau of Prisons consider a period of 12 months of home confinement for the defendant.

While the Court truly empathizes with the defendant on the loss of his mother six weeks before this Court imposed his sentence and now the death of his father on September 12, 2018, and the change of circumstances that represents with respect to addressing and settling all of his mother's affairs, given the fact that he is an only child, as well as settling the affairs of his deceased father, the Court nonetheless continues to take the position that it will recommend in good faith a period of home confinement to the Bureau of Prisons, but that decision remains in the discretion of the Bureau of Prisons. Consequently, to the extent that the Bureau of Prisons is considering his issues of home confinement, it would serve the personal and family circumstances of the defendant and help address the issues related to losing both a mother and father within a short period of

time.  However, the decision is ultimately left to the discretion of the Bureau of Prisons and, as the original sentence of the Court requires, the defendant will remain on supervised release for a term of five years, with or without home confinement.

For these reasons, while the Court sympathizes with the defendant and wishes him the best, it declines to enter a judicial order, but does recommend that the Bureau of Prisons consider a period of home confinement for the defendant.

Dated:  January 3, 2019        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge