# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-412(1) (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Byron Earl Davenport, | |
| Defendant. | |

This matter is before the Court on Defendant Byron Earl Davenport's ("Defendant") self-styled *pro-se* Motion for an Order of Immediate Release to Home Confinement Pursuant to the First Step Act and BOP Operations Memorandum Dated April 4, 2019 and For Order Shortening Time (Doc. No. 93.) The United States of America (the "Government") responded to Defendant's motion on July 2, 2019. (Doc. No. 98.)

Defendant is serving a 48-month sentence for conspiracy to distribute cocaine. (Doc. No. 77.) On April 23, 2019, Defendant filed the present motion for immediate placement in home confinement pursuant to the First Step Act, 18 U.S.C. § 3582(c) ("FSA"). (Doc. No. 93.) Defendant claims that he is entitled to immediate release from the custody of the Federal Prison Camp at Lompoc, California, placement in home confinement, and the application of good conduct time credits. After Defendant filed the present motion, Defendant's sentence was recalculated with the FSA's newly-amended good conduct time provision and Defendant's release date is now October 25, 2019.

(Doc. No. 97 ¶ 6.)[1]  Because Defendant has received his credit for good conduct time, that portion of his motion is now moot.  The Court considers Defendant's remaining request for relief, namely that he is entitled to immediate release to home confinement.

The FSA was enacted into law on December 21, 2018.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Relevant to this case, the FSA modified portions of the Second Chance Act of 2007, which provides in part:

> **Prerelease custody.—**
>
> **(1)    In general.--** The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  Specifically, the FSA amended the provision related to home confinement under the Second Chance Act, which now reads:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

*Id*. § 3624(c)(2).

The BOP is exclusively authorized to designate a prisoner's place of confinement. 18 U.S.C. § 3621(b).  *See also, e.g.*, *Ward v. Bureau of Prisons*, Civ. No. 3:19-770, 2019

---

[1]    The Bureau of Prisons' ("BOP") inmate locator website lists this date of release. Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 29, 2019) ("Inmate Locator").

WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (explaining the BOP's broad discretion to determine where inmates are placed during prerelease period; noting that a prisoner does not have a constitutional right to be placed in a particular facility), *report and recommendation adopted*, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019); *Xiao v. La Tuna Fed. Corr. Inst.*, Civ. No. 19-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019). This remains true even after the FSA expanded opportunities for home confinement. *See United States v. Yates*, Crim. No. 15-40063(1), 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is the BOP—not the courts—who decides whether home detention is appropriate."); *United States v. Burkhart*, Crim. No. 6:03-366, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) (noting that the FSA details types of prerelease custody, including home confinement, but also that the FSA did not "modify the requirement that the [BOP], not the Court, make the decision to place a prisoner on home confinement"). This discretion extends to the determination of whether to place an inmate in home confinement or a residential reentry facility. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); 18 U.S.C. § 3624(c)(2) (granting the BOP discretion to place a prisoner in home confinement). *See also United States v. Burkhart*, 2019 WL 615354, at *2; *United States v. Shields*, Crim. No. 12-410, 2019 WL 2359231, at *5 (N.D. Cal. June 4, 2019) (noting that the BOP has discretion to place a prisoner in home confinement).

Because the determination of whether to place Defendant in home confinement lies solely within the discretion of the BOP, Defendant's motion is properly denied.[2]

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Byron Earl Davenport's *pro-se* Motion for an Order of Immediate Release to Home Confinement Pursuant to the First Step Act and BOP Operations Memorandum Dated April 4, 2019 and For Order Shortening Time (Doc. No. [93]) is **DENIED**.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Date: September 5, 2019                                  s/Donovan W. Frank
                                                        DONOVAN W. FRANK
                                                        United States District Judge

---

[2] The Government acknowledges that Defendant could bring a motion under 28 U.S.C. § 2241 to challenge the BOP's determination as to home confinement but notes that Defendant must first exhaust his administrative remedies. Moreover, any such habeas challenge would be limited to the issue of whether the BOP abused its discretion. *See, e.g.*, *Crawford v. Nicklin*, Civ. No. 13-2462, 2014 WL 538699, at *6 (D. Minn. Feb. 11, 2014).